[Cite as *State v. Thompson*, 2012-Ohio-2416.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee             :        C.A. CASE NO. 24432

vs.                                    :        T.C. CASE NO. 2010CR1374

ANTWAN THOMPSON                        :        (Criminal Appeal from
                                     Common Pleas Court)

    Defendant-Defendant            :

· · · · · · · · ·

DECISION AND ENTRY

Rendered on the 1st day of June, 2012.

· · · · · · · · ·

PER CURIAM:

{¶ 1}  Defendant, Antwan Thompson, was indicted on three counts of gross sexual imposition involving a child under thirteen years of age in violation of R.C. 2907.05(A)(4), a felony of the third degree.  Defendant filed a motion to suppress statements he made to police. The trial court overruled the motion.  Defendant was found guilty on all counts following a jury trial.  The trial court sentenced Defendant to concurrent one year prison terms on each count and classified Defendant as a Tier II sex offender.

{¶ 2}  Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no meritorious issues for

appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} Defendant's appellate counsel has identified four potential issues for review. The third potential issue is whether Defendant's trial counsel provided ineffective assistance. Three grounds are offered in support of the ineffective assistance claim. We find that at least one of those grounds has arguable merit.

{¶ 4} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. *Id.*, *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 5} The State called the victim's mother as its witness. Her testimony on cross-examination revealed that she had taken her daughter for psychological evaluation and treatment. On redirect examination the prosecutor asked the witness whether she was aware that the victim had been having nightmares and, if so, what those nightmares were about. The witness responded that her daughter had dreamed about snakes. Defendant's counsel objected that the witness's testimony was hearsay because the witness had no first-hand knowledge of her daughter's dreams. The prosecutor suggested that the source of the

witness's knowledge was pictures the victim had drawn and shown her mother. The court sustained Defendant's objection, but directed the prosecutor to rephrase the question.

{¶ 6} When the prosecutor resumed questioning the victim's mother, the following colloquy ensued:

Q. Ma'am, your daughter is currently in counseling?

A. Yes.

Q. Have you seen any photographs regarding or pictures that your daughter has shown you with regards to or relating to these nightmares?

A. Yes, when she went to counseling, they had her to draw.

Q. Okay. And what's depicted in these photos that you've seen?

A. It's snakes. (Tr. 182-183).

{¶ 7} Nonverbal conduct of a person is a hearsay statement if it is intended by the person as an assertion, Evid.R. 801(A)(2), and is offered to prove the truth of the matter concerned. Evid.R. 801(C). On that basis, the drawing the victim produced was a hearsay statement if offered to prove the content of her nightmares. However, even if assertive, conduct or communications are not hearsay if offered to prove something distinct from the fact intended to be communicated. Weissenberger's Ohio Evidence Treatise (2011 Ed.), Section 801.6.

{¶ 8} An argument may be made that the questions the prosecutor asked were intended to elicit hearsay testimony and that the witness's response was hearsay evidence because it was offered to prove the content of the victim's nightmares through reliance on her nonverbal assertion in drawing the pictures she showed her mother. Further, the evidence was potentially prejudicial to the extent that images of snakes are associated, at least

stereotypically, with sexual conduct of a disturbing nature. No other relevance to the matters at issue is apparent.

{¶ 9} Defendant's counsel failed to object to the prosecutor's line of questioning. On this record, we cannot find that a resulting claim of ineffective assistance of counsel would be frivolous. *Anders* requires us to appoint new counsel to argue any nonfrivolous error, as well as any other error which new counsel wishes to assign. New counsel will be appointed for that purpose.

{¶ 10} So Ordered.


_____
**THOMAS J. GRADY, PRESIDING JUDGE**




_____
**JEFFREY E. FROELICH, JUDGE**




_____
**MICHAEL T. HALL, JUDGE**


Copies mailed to:

Carley J. Ingram
Asst. Pros. Attorney
P.O. Box 972
Dayton, OH   45422

Daniel R. Allnutt, Esq.
614 E. Second Street
Franklin, OH 45005


Hon. Frances E. McGee